IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

TAVARES LEE BLACKMON,

    Movant.

No. CR S-03-0462 FCD DAD P

FINDINGS AND RECOMMENDATIONS

On June 3, 2005, defendant Blackmon, proceeding pro se, filed a document bearing the following title:

> Ex Parte Mandatory Judicial Notice of the Government's Administrative Default, Pursuant to Federal Rules of Evidence, Rule 201(d); Demand to Vacate and Set Aside Void Judgment No. 2:03CR00462-01, For Lack of Subject-Matter Jurisdiction "in rem and in personam," Pursuant to 28 U.S.C. § 2255. Petitioner is Actually and Factually Innocent.

On June 9, 2005, the § 2255 motion was referred to the undersigned for further proceedings.

The record reflects that on October 23, 2003, the grand jury returned an indictment charging defendant Blackmon in three counts with being a felon in possession of a firearm (18 U.S.C. § 922(g)), possession with the intent to distribute marijuana (21 U.S.C. § 841(a)), and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §

1

924(c)).  On October 29, 2003, defendant Blackmon appeared for arraignment and the Office of the Federal Defender was appointed to represent him.  On May 3, 2004, pursuant to a written plea agreement entered into by the parties, the defendant entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) as set out in Count 1 of the indictment.  On August 3, 2004, the defendant was sentenced in accordance with the plea agreement.  At that time, pursuant to the terms of the agreement, the parties stipulated to dismissal of the charges set out in Counts 2 and 3 of the indictment.

Upon receipt of a § 2255 motion, the court must promptly examine the motion and determine whether the United States Attorney must be ordered to file an answer, motion, or other response.  Rule 4(b), Fed. R. Governing § 2255 Proceedings for the U.S. District Courts.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Id.

A § 2255 motion must substantially follow the standard form appended to the rules governing § 2255 proceedings.  Rule 2(c), Fed. R. Governing § 2255 Proceedings.  The motion must be signed under penalty of perjury by the movant.  Rule 2(b)(5), Fed. R. Governing § 2255 Proceedings.  In the present case, the motion filed on June 3, 2005, is not signed under penalty of perjury and does not substantially follow the standard form.  In the interests of justice, however, the court has examined the pro se motion.

In a section titled "Introduction," movant asserts that he is "a sovereign man of flesh and blood" and "a foreigner of the California Republic" making a special appearance to ask the court (1) "to take Mandatory Judicial Notice of the Government's Administrative Default," (2) to vacate, set aside and void the judgment entered against him "for lack of subject-matter jurisdiction 'in rem and in personam,'" and (3) to discharge "the actual, factual innocent Prisoner from illegal, unlawful detainment."  (§ 2255 Mot. at 1.)

/////

1  Movant's introduction is followed by a section titled "Statement of Facts" in
2  which movant contends that an administrative default occurred when the government failed to
3  respond to documents he "privately noticed."  Movant cites three documents "noticed" in May,
4  2005:

> May 13, 2005:  Affidavit In Support Of Notice of Actual, Factual, Innocence And Misprison [sic] of Felony (18 U.S.C.A. § 4) Demand For Immediate Release of Demandant being Restrained Under Illegal, Unlawful Void Judgment, pursuant to the Private Administrative Procedures Act 5 U.S.C. § 552(a) Through 556 and 605-607 et al.
>
> May 23, 2005:  Affidavit In Support of NOTICE OF FAULT, NOTICE TO CURE upon the instrument titled Affidavit in Support of Notice of Actual, Factual Innocence And Misprison [sic] of Felony (18 U.S.C. § 4) Demand For Immediate Release of Demandant Being Restrained Under Illegal, Unlawful Void Judgment.
>
> May 26, 2005:  Affidavit in Support NOTICE OF DEFAULT upon the instrument titled Affidavit In Support Of Notice of Actual, Factual Innocence And Misprison [sic] of Felony (18 U.S.C. § 4) Demand For Immediate Release of Demandant being Restrained Under Illegal, Unlawful Void Judgment.

15  (Id. at 2-4.)  Although movant characterizes these documents as "affidavits," the exhibits
16  attached to the § 2255 motion reveal that the documents were neither notarized nor signed under
17  penalty of perjury.  See 28 U.S.C. 1746.  Movant asserts that sending these documents to the
18  United States Attorney served to exhaust his administrative remedies, enabling him to seek
19  judicial remedies in the district court and permitting him to file a § 2255 motion beyond the one-
20  year period of limitation.  (§ 2255 Mot. at 2-3.)
21  Movant contends that the government's failure to respond to his documents
22  constitutes a stipulation that his written plea agreement was entered into by him under threat,
23  duress, and coercion through misrepresentation of facts.  (Id. at 3.)  Movant cites no legal
24  authorities to support his stipulation theory and offers no evidence to support his allegation that
25  his written plea agreement was entered under threat, duress, coercion, or misrepresentation.  (Id.
26  at 3-4 & Exs. A-D.)  Although movant refers to "newly discovered facts" and argues that he

3

"would have never of plead guilty to any alleged offense," he offers no evidence of newly discovered facts or any evidence that contradicts the factual basis for his plea agreement. (See id. & Plea Agreement filed May 3, 2004, Ex. A.) Movant has not established that the government was obligated to respond to the documents he served in May 2005. Movant has failed to prove a default and is not entitled to relief on the ground of an alleged default by the government.

In the next section of his motion, movant offers the following argument:

> It is a fact that this court was operating under admiralty/maritime/equity jurisdiction at the time void judgment no. 2:03CR00462 was illegally imposed, as stipulated by the Government's Default and stated in the UNITED STATES ATTORNEY MANUAL at TITLE 9-4792, and Title 27 Code of Federal Regulations Section 72.11. It is also a fact that this court was without jurisdiction to impose the committing sentence upon the Prisoner, there being a lack of subject matter jurisdiction "in rem and in personam," there having been no breached valid international admiralty/maritime contract in existence.

(Id. at 4.) Movant supports this argument with broad generalities concerning jurisdiction, citations to cases concerning admiralty jurisdiction, and his erroneous assertion of default by the government. (Id. at 4-8.)

The district courts of the United States have exclusive original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); United States v. Hanson, 2 F.3d 942, 945 (9th Cir. 1993) (holding that the district courts' subject matter jurisdiction over criminal prosecutions is firmly established); United States v. Studley, 783 F.2d 934, 937( 9th Cir. 1986) (holding that the district court "unquestionably had subject matter jurisdiction" over the defendant's criminal prosecution). See also United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir. 1990) (finding that the Commerce Clause gives Congress power to criminalize activities affecting interstate commerce). The district court has jurisdiction over any party who appears before it, regardless of how appearance is effected. Studley, 783 F.2d at 937 (citing United States v. Warren, 610 F.2d

4

680, 684 n.8 (9th Cir. 1980)).  Unless otherwise permitted by statute or rule, the government must prosecute an offense in the district where the offense was committed.  Fed. R. Crim. P. 18.

In the present case, movant was indicted for violations of 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1) that occurred within the Eastern District of California.  Movant's criminal case was properly prosecuted in this district and movant was properly sentenced in accordance with the court's jurisdiction over criminal prosecutions.  Movant is not entitled to relief on jurisdictional grounds.

Finally, movant has failed to offer any support for his assertion that he is an "actual, factual innocent Prisoner."  Movant does not deny the facts set forth in the factual basis for his plea:

> On September 20, 2003, the defendant, TAVARES LEE BLACKMON was driving his car in Sacramento, California.  He was stopped by a Sacramento Police Officer.  Another police officer searched the car.  In the car, the defendant had a loaded 9 millimeter handgun, 12 ziplock baggies each with a marijuana leaf symbol on the plastic and each containing marijuana, a baggie containing 19 empty baggies with the marijuana leaf symbol on each, a baggie with bulk marijuana, a digital scale, $205.00 in cash, and a cellphone.
>
> The handgun and ammunition had traveled in interstate commerce.
>
> The defendant had previously been convicted of felonies: 1) Vehicle Theft in 1998 in Sacramento, California, case number 98F3243; and 2) Transportation or Sales of a Controlled Substance in 1999 in Sacramento, California, case number 99F5276; both crimes punishable by imprisonment for a term exceeding one year.

(Plea Agreement filed May 3, 2004, Ex. A.)  Absent any dispute concerning the factual basis for his guilty plea, movant cannot prevail on a claim that he is factually innocent of the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Accordingly, IT IS HEREBY RECOMMENDED that:

/////

/////

1. Movant's June 3, 2005 motion pursuant to § 2255 to vacate, set aside or correct sentence be summarily dismissed without ordering the United States attorney to file an answer, motion, or other response; and

2. The Clerk of the Court be directed to close the companion civil case No. CIV S-05-1106.

These findings and recommendations are submitted to the United States District Judge pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, movant may file written objections with the court. Failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
blac0462.256